IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| BMO HARRIS BANK N.A., a national banking association,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES L. MULLINS, an individual resident and citizen of West Virginia<br><br>and<br><br>JAMES MORRIS, an individual resident and citizen of West Virginia,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 2:18-cv-00710<br>)<br>)<br>)<br>)<br>) |

COMPLAINT

Plaintiff, BMO Harris Bank N.A., by its attorneys, complains of Defendants, James Mullins and James Morris (collectively, "Defendants"), as follows:

THE PARTIES

1.　　Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking association with its main office, as set forth in its articles of association, located in Chicago, Illinois.

2.　　Defendant, James Mullins ("Mullins"), is a citizen of the State of West Virginia, residing at 94 Lonely Oak Road, Stollings, West Virginia 25646.

3.　　Defendant James Morris ("Morris"), is a citizen of the State of West Virginia, residing at 58 Northwind Hollow Road, Wilkinson, West Virginia 25653.

JURISDICTION AND VENUE

4.　　The parties are of diverse citizenship.

5.     The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and

costs.

6.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE AGREEMENTS

8.     On or about April 18, 2015, Mullins and GE Capital Commercial, Inc. ("GECC")

entered into a Loan and Security Agreement (the "First Agreement"), whereby GECC financed

Mullins' purchase of one 2016 Peterbilt model 579 truck (VIN number: 1XPBDP9X6GD317806).

Mullins agreed to pay GECC $190,558.08 to purchase the truck, including interest, pursuant to the

terms and conditions stated therein.  A true and correct copy of the First Agreement is attached

hereto as Exhibit A.

9.     On or about April 24, 2015, Mullins and GECC entered into a Loan and Security

Agreement (the "Second Agreement"), whereby GECC financed Mullins' purchase of one 2016

Benson model 524 flatbed trailer (VIN number: 1TTF482A9G3938319). Mullins agreed to pay

GECC $46,522.80 to purchase the trailer, including interest, pursuant to the terms and conditions

stated therein.  A true and correct copy of the Second Agreement is attached hereto as Exhibit B.

10.     Hereinafter, the First Agreement and Second Agreement shall be referred to

collectively as the "Agreements."

11.     The Agreements granted to GECC a senior security interest in the respective

equipment referenced therein (the "Collateral").

12.     To induce GECC to enter into the Agreements, Morris, as guarantor, guaranteed

the full and timely performance of Mullins' obligations under the Agreements to GECC and their

successors-in-interest.  A true and correct copy of the Continuing Guaranty executed by Morris

dated April 18, 2015 (the "Guaranty") is attached hereto as Exhibit C.

13.     Effective December 1, 2015, GECC, either directly or indirectly, transferred and assigned all of its rights, titles, and interests in and to its accounts associated with the Mullins to Plaintiff ("Transfer Acknowledgment").   Accordingly, effective December 1, 2015, Plaintiff became GECC's successor-in-interest with respect to the Agreements, the Guaranty, and these claims.  A true and correct copy of the Transfer Acknowledgement is attached hereto as Exhibit D.

14.     Under the terms and conditions of the Agreements, failure to make payment when due is considered an event of default.

### DEFAULT BY THE DEFENDANTS

15.     Mullins and Morris are in payment default under the terms of the Agreements and the Guaranty.

16.     Specifically, Mullins failed to make the required monthly payments under the First Agreement beginning on December 3, 2017 and Mullins failed to make the required monthly payments under the Second Agreement beginning on December 1, 2016.

17.     In addition, on February 6, 2017, Mullins filed a petition for relief under Chapter 13 of Title 11 of the United States Code, initiating Case No. 17-20050 in the United States Bankruptcy Court for the Southern District of West Virginia. Mullins' bankruptcy case was dismissed on April 4, 2018, without Mullins confirming a plan of reorganization.

18.     A default of Mullins under the Agreements is a default of Morris under the Guaranty.

19.     Pursuant to the terms of the Agreements, the entire amounts due thereunder have been accelerated.  The principal amount due and owing under the Agreements after acceleration totals not less than $149,079.38.

20.     Under the Agreements, Mullins is obligated to pay interest on all unpaid amounts at the default interest rate of one and one-half percent (1.5%) per month or the maximum rate permissible by applicable law.

21.     Under the Agreements, Mullins is obligated to pay late charges and other fees due under the Agreements.

22.     Under the Agreements, upon default, Mullins is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

23.     Under the Agreements, Mullins is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

24.     Under the Guaranty, Morris is obligated to pay Plaintiff all amounts due to Plaintiff by Mullins under the Agreements.

25.     Accordingly, the amount due and owing under the Agreements and the Guaranty, not including interest, attorneys' fees and expenses or costs of collection, is an amount not less than $149,079.38.

26.     The Agreements and the Guaranty expressly provide that Plaintiff and Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

27.     Plaintiff and its predecessors-in-interest have performed any and all conditions and obligations required of them under the Agreements and the Guaranty.

## COUNT I – BREACH OF CONTRACT
### Against Mullins

28.     Plaintiff incorporates and realleges all preceding paragraphs in this Count I.

29.     Mullins has not performed under the Agreements by, among other reasons, failing to make payment under the Agreements when those payments became due.

30.     Under the Agreements, Plaintiff is entitled to contractual money damages from Mullins as provided therein.

31.     As of the date of this Complaint, Plaintiff has been damaged by Mullins' breach of the Agreements in an amount not less than $149,079.38, plus its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

## COUNT II – BREACH OF CONTRACT (GUARANTY)
### Against Morris

32.     Plaintiff incorporates and realleges all preceding paragraphs in this Count II.

33.     Morris has not performed under the Guaranty by, among other reasons, failing to make payment under the Agreements when those payments became due.

34.     Under the Guaranty, Plaintiff is entitled to contractual money damages suffered under the Agreements and Guaranty from Morris as provided therein.

35.     As of the date of this Complaint, Plaintiff has been damaged by Morris' breach of the Guaranty in an amount not less than $149,079.38, plus its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

## COUNT III – REPLEVIN
### Against Mullins

36.     Plaintiff incorporates and realleges all preceding paragraphs in this Count III.

37.     Mullins defaulted, and remains in default, under the Agreements.

38.     Under section 5.02 of the Agreements, Plaintiff has the right to demand that Mullins return the Collateral to Plaintiff upon Mullins' default.

39.     Mullins' has failed to return the Collateral despite its defaults under the Agreements.

40.    Under the Agreements, upon Mullins' default, Plaintiff also has the right to enter any premises where the Collateral may be and take possession of and remove them from the premises.

41.    Upon information and belief, the Collateral is currently located at 94 Lonely Oak Road, Stollings, West Virginia 25646.

42.    Upon information and belief, no Collateral has been taken for tax assessment or fined or seized under any execution or attachment.

43.    Pursuant to the terms of the Agreements, Plaintiff is entitled to possession of the equipment.

44.    Plaintiff continues to incur damages by the wrongful detention of the Collateral by Mullins due to the ongoing depreciation of the Collateral and Plaintiff's inability to lease the Collateral to other individuals or entities.

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

A.    In favor of Plaintiff against Mullins in the form of an Order of Replevin for the Collateral;

B.    In favor of Plaintiff against Defendants, jointly and severally, for damages incurred as a result of detention of the Collateral and for the expenses incurred by Plaintiff in taking possession of the Collateral; and

C.    In favor of Plaintiff against Defendants, jointly and severally, in the amount due under the Agreements and the Guaranty, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

Dated:  April 27, 2018

Respectfully Submitted,

BMO HARRIS BANK N.A.,

By counsel,


*/s/M. David Griffith, Jr.*_____
M. David Griffith, Jr. (WVSB #7720)
Joseph K. Merical (WVSB #11646)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338-3824
Phone: (304) 414-1800
Fax: (304) 414-1801
dgriffith@tcspllc.com
jmerical@tcspllc.com